IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BARBARA C. EBERHARDY                                                                           PLAINTIFF

vs.                                               Civil No. 4:14-cv-04034

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Barbara C. Eberhardy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff filed her DIB application on September 18, 2011. (Tr. 13, 85-89). In her application, Plaintiff claims to be disabled due to chronic obstructive pulmonary disease ("COPD"), depression, and arthritis. (Tr. 135). Plaintiff alleges an onset date of January 1, 2006. (Tr. 13). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 39-40).

Thereafter, on March 16, 2012, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

application, and this hearing request was granted. (Tr. 47-62). Plaintiff's administrative hearing was held on September 7, 2012 in Texarkana, Arkansas. (Tr. 23-38). At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* As of the date of this hearing, Plaintiff was fifty-seven (57) years old, which is defined as a "personal of advanced age" under 20 C.F.R. § 416.963(e) (2008). (Tr. 30). As far as her level of education, Plaintiff testified she had completed high school and had obtained a four-year college degree in psychology. (Tr. 30-31).

On September 22, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-18). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on September 30, 2007. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period relevant to his determination. (Tr. 15, Finding 2).

The ALJ determined, through Plaintiff's date last insured, she had the following "medically determinable impairments": status post right hip replacement and COPD. (Tr. 15-16, Finding 3). The ALJ also determined Plaintiff had no "severe" impairments during this time period. *Id.* Because Plaintiff had no severe impairments through her date last insured, the ALJ found Plaintiff was not under a disability (as defined in the Act) at any time on or prior to September 30, 2007 (Plaintiff's date insured). (Tr. 18, Finding 5).

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

2

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

3

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in evaluating Listing 3.00; (2) the ALJ erred in evaluating the medical evidence; and (3) the ALJ erred in failing to assess her RFC. ECF No. 8 at 1-19. Because the Court finds the ALJ erred in evaluating her severe impairments, the Court will only address Plaintiff's third argument for reversal and determine whether the ALJ erred by ending the Analysis at Step Two.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe

4

impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff had *no* severe impairments during the relevant time period or prior to September 30, 2007 when her insured status expired. (Tr. 15-18, Findings 3-4). The Court finds this determination was improper. Indeed, Plaintiff's medical records demonstrate that prior to September 30, 2007, she suffered from the severe impairment of COPD. In February of 2004, Plaintiff was noted to have asthma and "shortness of breath." (Tr. 194). In April of 2005, Plaintiff was noted to suffer from COPD and was found to have a "persistent cough and has these paroxysms where she can't get her breath." (Tr. 186).

In October of 2005, Plaintiff was again diagnosed with COPD. (Tr. 175-176). At that time, Plaintiff's condition was determined to be "stable," but she was directed to "continue current medications." (Tr. 176). According to her medical records, her prescriptions for COPD medications were "active" throughout 2005. (Tr. 176-183). After 2005 and before her insured status expired in 2007, Plaintiff's medical records are sparse. However, after 2007, she continued to receive treatment for COPD. (Tr. 297).

Thereafter, on August 30, 2012, after her insured status expired, her physician, Dr. James R. Sarrett, M.D., stated Plaintiff had been receiving treatment from him "for approximately the last 15 to 18 years," "has a history of chronic obstructive pulmonary disease that has been present basically for the time the patient has been under my care," and stated he believed "this permanent medical

disability has been in effect for many years" even though he could not "give . . . an exact date" it began. (Tr. 377). In this report, Dr. Sarrett also stated that Plaintiff was "unable to perform any physical activity even as simple as walking short distances within her home without excessive dyspnea [shortness of breath]."

The Court finds this evidence is sufficient to meet the lower standard for demonstrating an impairment is "severe" and was severe prior to the expiration of her insured status. Because the ALJ erred by not finding this was a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887 (". . . we reject the Commissioner's argument of harmless error").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of February 2015.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE